## WM. G. WALLACE v. T. J. JONES.

**Bills and Notes—Payment by One of Co-sureties Before Maturity.**
A payment of a note by one of co-sureties, before maturity, will not release the other sureties from joint liability.

**Same—Demand and Protest.**
One of several sureties to a note cannot claim exhonoration by reason of prepayment by another co-surety, or that he was deprived of a contingent benefit that might have accrued to him to have the bank present the note, and protest same for non-payment, and a possible failure to notify him of the protest.

**Same.**
Such a contingent benefit is too remote and uncertain to found an available defense on.

APPEAL FROM LINCOLN CIRCUIT COURT.

June 28, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

On the 28 November, 1869 A. H. Overstreet, S. P. Wersham and Joshua Berry made a note, payable to W. G. Wallace, for $5164.75-100 negotiable and payable at the Central National Bank at Danville, on the 17th of March, 1868. This note was endorsed by Wallace, and then by Thomas J. Jones and discounted by the bank where it was made payable.

Toler was as between the other parties to the paper, principal debtor, the others signing and endorsing it for the accommodation of Toler, with the agreement between Wallace and Jones, as the proof shows, and indeed as is admitted in the pleadings, that they were to share the responsibility of endorsing said note, and were in fact joint sureties.

Toler was greatly indebted, and he and Wallace before the note matured had gone South with stock, and were in Georgia when it did mature, Toler having removed there from Kentucky. Before the note matured Jones, apprehending danger on account of endorsement, went to Toler and the latter placed in his posses-

sion 250 or 252 hogs to indemnify him, these hogs were taken South and sold by Jones, from which the sum of $2786.28-100 was realized, and applied by Jones as a payment on the note of which he and Wallace were endorsers as aforesaid. And on the 4th of March, 1868—13 days before the maturity of the note, Jones paid the unpaid balance thereof and took it up.

At no time had any of the parties to the note any funds in the bank to take it up, before Jones paid it or at its maturity. Wersham, Overstreet and Berry were insolvent, Toler and Wallace at the time the note matured, and for some months before, had been in Georgia, or at all events, absent from the State of Kentucky.

The note having been paid by Jones before it was due, of course payment was not demanded at the bank the day it was due, and no protest and notice given of non-payment.

Immediately upon Wallace's return to Kentucky he was notified by Jones that he had paid said note and taken the same up, and payment demanded of him, which was refused, and then this action was brought by Jones, first for the whole amount of the note unsatisfied by the proceeds of hogs furnished by Toler to Jones, but by an amended petition only half of said sum is sought to be recovered. And for which judgment was rendered. And Wallace has appealed.

The grounds relied on, mainly, to defeat the action in the court below, and the same relied on here are, that Jones having paid the note before due, dispensed with the necessity of payment by any of the obligors in the note. And deprived him of the contingent benefit that might have accrued to him of the commission of the bank to have the note presented for payment, protested for non-payment and a failure to notify him of the protest.

The insolvency of Overstreet, Wersham and Berry, and the insolvency and non-residence of Toler at the time Jones paid off the note are not controverted. And the payment of the note by either of them is neither probable nor admissible. Wallace does not allege that any special damage or loss was sustained by him in consequence of the prepayment by Jones, and none can be legitimately inferred from any allegation he has made. And the contingent benefit that might result to him from the failure of the bank to have the bill or not protested for non-payment and have due notice thereof given to him, if Jones had not paid it, is

---

---

too remote and uncertain to found an available defense thereon. Wherefore the judgment is *affirmed*.

*Dunlap, for appellant.*

*James & VanWinkle, for appellee.*